**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **MULLEN INDUSTRIES LLC,**<br>_Plaintiff_,<br><br>_v._<br><br>**APPLE INC.,**<br>_Defendant._ | **CASE NO. 6:22-CV-00145-ADA** |

**DISCOVERY DISPUTE ORDER**

The parties submitted a discovery dispute to the Court by email.  The Court heard oral argument on September 29, 2022. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the requested belief.

**I. FIRST ISSUE: APPLE'S 30(B)(6) VENUE DEPOSITION**

**A.     Plaintiff's Position**

Apple delayed filing its motion to transfer until August 18, 2022, and stated today, September 21, that it will not appear for the deposition noticed for September 29 in Plaintiff's notice of 30(b)(6) deposition served on August 26, 2022.  Apple also has not provided alternative specific date(s) when it will testify on such deposition topics.  As a result, Apple's delay is prejudicing Plaintiff's ability to file its response in opposition to Apple's motion to transfer, and the Court has rescheduled the _Markman_ hearing originally scheduled for October 28, 2022.  Plaintiff has already agreed to Apple's request to conduct such deposition remotely.

Relief Sought:  Order that "Apple must provide within 2 business days of this Order multiple dates certain before October 7, 2022 when Apple is available to testify on the noticed topics as further narrowed in this Order.  Apple's deposition will continue day-to-day on

1

consecutive days until completed.  Apple's objections to deposition Topics 1, 3, and 5, are ruled on below."

### B.    Defendant's Position

As an initial matter, Plaintiff has suffered no prejudice as venue discovery closes October 27, 2022 and the Markman hearing is scheduled for December 2, 2022.

This dispute consists primarily of two issues: the improper breadth of Mullen's deposition topics, and the scheduling of the depositions. As explained below, Mullen's unwillingness to compromise on its improperly broad topics has impaired Apple's ability to identify and schedule its witnesses.

First, the core issue boils down to Mullen's overly broad definition of "Accused Instrumentalities."  Mullen alleges infringement based on two features: (1) the "Find My" functionality that allow a user of certain Apple devices to locate other devices; and (2) the ability of an Apple Watch paired to an iPhone to provide notifications based on the type of event.

Despite alleging infringement based on these specific features, Mullen now seeks expansive venue discovery unbounded by its infringement theories. For example, Mullen seeks testimony regarding "Apple end-user device(s)" as well as Apple's "Server(s)," as shown on pages 2-3 of Mullen's Deposition Notice. (Mullen uses the same definition in its Interrogatories and Requests for Production of Documents.) Apple objected to this definition as being overly broad, unduly burdensome, vague, and ambiguous.

During multiple telephonic meet-and-confers, counsel for Mullen refused to negotiate in order to narrow its 30(b)(6) topics. Now, for the first time in this dispute chart, Mullen only disputes Apple's objections to Topics 1, 3, and 5. As discussed further below, Apple has offered and remains willing to put up witnesses for these topics, subject to its objections regarding the scope of the depositions. While Rule 30(b)(6) includes no such requirement, Apple will endeavor

to present its witnesses sequentially. But given the uncertainty of how long each deposition will take as well as the witnesses' schedules, cannot guarantee that the witnesses will be available in sequence. Accordingly, Apple is conferring with approximately twenty potential witnesses to cover the eleven overly broad topics, subject to Apple's objections, and will begin providing dates imminently.

Relief Sought:  Order that "Apple will identify witnesses to testify regarding Topics 1, 3, and 5 before the close of venue discovery. Mullen's objection that the depositions must take place day-to-day until completed is overruled. Apple's objections to Mullen's deposition Topics are sustained."

### C.     The Court's Ruling

**IT IS HEREBY ORDERED** that, as to scheduling, Apple must provide within 2 business day of this Order multiple dates certain before October 7, 2022 when Apple is available to testify on the noticed topics.  The deposition will continue day-to-day on consecutive days until completed unless Apple identifies non-consecutive days in advance.

The witnesses must be prepared, at minimum, on the following topics articulated by Plaintiff during oral argument: the use of secure enclave processors; manufacturing, testing, and shipping of mac pro computers in Texas; services performed for Apple by Flex Limited in the Western District of Texas; Apple employees who interface with the Flex operation; employees who provide support for the accused features at Apple care and call center; employees in Texas who work on marketing, sales, profits, or costs of accused end products that contain the accused features. Within these topics, the witnesses may limit their preparation to the relevance and infringement theories and damages theories articulated by the plaintiff during oral argument or as narrowed by the Court in sections below.

## II. SECOND ISSUE: DISPUTE OVER INTERROGATORY AND REQUEST FOR PRODUCTION 1

### A.      Discovery at Issue

Interrogatory 1 asks Apple to identify and describe the work of each Apple employee or third party in Texas or WDTX on the design, development, manufacture, test, finance-related topics, and other topics regarding the Accused Instrumentalities, including but not limited to individuals identified in Exs. A and B.  Request for Production 1 seeks documents regarding the same. The first 30(b)(6) deposition topic seeks testimony regarding the same.

### B.      Plaintiff's Position

Apple's ROG response only identified a subset of such requested individuals regarding "design"—i.e., Apple identified a single Apple WDTX employee by name, referred to "four employees located in Austin, Texas" that Apple did not name, and improperly "reserv[ed] its right to supplement … at the appropriate time."  Apple also did not fully respond to ROG 1 regarding, and objected to providing a witness to testify responsive to Topic 1 regarding, "manufacture," "development,"  "testing,"  "financial,"  and  other  information  regarding  Accused Instrumentalities.  For example, Apple did not describe the work performed by individuals Plaintiff specifically identified by name in Exhibits A and B to Plaintiff's discovery requests, including (i) specific  WDTX  Apple  employees  who  Plaintiff  contends  work  on,  e.g.,  the  design  and development of the accused Secure Enclave Processor and topics regarding damages, and (ii) specific third-party Flex Ltd. employees in WDTX who Plaintiff contends work on the design, manufacture, testing, and shipping of accused Mac Pro computers.  *See e.g., CPC Patent Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-cv-00165-ADA, Dkt. 82, at 10, 17 (W.D. Tex. Feb. 8, 2022) (holding such information regarding Flex Ltd. is highly relevant to infringement, damages, and WDTX local interest).  Apple produced no documents.

Relief Requested:  Order that "Within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 1 by identifying and describing the work of each Apple employee or third party in Texas or WDTX on the design, development, manufacture, test, finance-related topics, marketing, and advertising regarding the Accused Instrumentalities, including but not limited to the individuals identified in Exs. A and B to Plaintiff's discovery requests; and (ii) Apple must produce documents responsive to RFP 1.  Apple's objection to Topic 1 is overruled."

### C.      Defendant's Position

As explained above, Mullen's definition of "Accused Instrumentalities" renders it impossible to respond to these requests as written. Mullen seeks information regarding anyone (regardless of whether they are Apple employees) in Texas who have any involvement with Apple's end-user devices.

Nonetheless, Apple conducted an investigation into the enumerated topics as they relate to the functionalities that Mullen has accused of infringement. Subsequently, Apple objected and provided a substantive response as it relates to the functionalities accused of infringement in this case.

In order to seek a compromise, Apple is conducting a further investigation into the job responsibilities of the individuals identified in Exhibits A and B, despite the fact that Apple's initial investigation did not reveal that they had responsibilities relevant to the accused functionalities.

Without waiving its objections, Apple will supplement with regard to the 31 individuals identified in Exhibits A and B within five business days. After receiving these supplemental responses, Mullen may identify up to 8 of these individuals for deposition testimony on Topic #1, to the extent they are Apple employees.

Relief Requested: Order that "Within five business days of this Order, Apple will identify and describe the work of each Apple employee identified in Exhibits A and B, and produce

responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation. After receiving Apple's supplemental discovery response, Mullen may identify up to 8 of these individuals for deposition testimony on Topic #1, to the extent they are Apple employees. Apple's objections to interrogatory #1, RFP #1, and Topic #1 are sustained."

### D.     The Court's Ruling

**IT IS HEREBY ORDERED** that within 5 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 1 by identifying and describing the work of each Apple employee or third party in Texas or WDTX on the design, development, manufacture, test, finance-related topics, marketing, and advertising regarding the Accused Instrumentalities, including but not limited to the individuals identified in Exs. A and B to Plaintiff's discovery requests; and (ii) Apple must produce documents responsive to RFP 1.  For information about third parties, Apple's response may be limited to Apple's knowledge based on Apple's interactions with those third parties.

## III. THIRD ISSUE: DISPUTE OVER INTERROGATORY AND REQUEST FOR PRODUCTION 2

### A.     Discovery at Issue

Interrogatory 2 asks Apple to identify and describe the work of each Apple employee or third party in Texas or WDTX who work on marketing and sales of any Accused Instrumentality, including revenues, profits and costs. Request for Production 2 seeks documents regarding the same.

### B.     Plaintiff's Position

Apple limited its response to ROG 2 to "marketing," and excluded "sales" and "revenues, costs, and profits," while improperly "reserv[ing] its right to supplement … at the appropriate time."  Such information is relevant at least to damages.  Apple produced no documents.

Relief Sought:  Order that "Within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 2 by identifying and describing the work of each Apple employee or third party in Texas or WDTX on marketing and sales of any Accused Instrumentality, including but not limited to revenues, profits and costs; and (ii) Apple must produce documents responsive to RFP 2."

### C.      Defendant's Position

Mullen seeks information regarding third parties and also any individual who "work(s) on marketing and sales of any Accused Instrumentality," which Mullen interprets to cover any Apple end-user device. As explained above, this is incredibly expansive and goes far beyond what is actually accused of infringement.

Nonetheless, Apple engaged in a diligent investigation and found that Apple's employees responsible for marketing related to the accused functionalities are not located in Texas.

Apple is performing further investigation into whether any Apple employees that have responsibility for sales related to the accused functionalities are located in Texas, and supplement within five business days.

Relief Sought: Order that "Within five business days of this Order, if found after a reasonable investigation, Apple will identify and describe the work of its employees in the WDTX who have responsibility for sales related to the Find My and Watch notifications functionalities, and produce responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation. Apple's objections to interrogatory #2 and RFP #2 are sustained."

### D.      The Court's Ruling

Within 5 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 2 by identifying and describing the work of each Apple employee or third party in Texas or

WDTX on marketing and sales of any Accused Instrumentality, including but not limited to revenues, profits and costs; and (ii) Apple must produce documents responsive to RFP 2.

## IV. FOURTH ISSUE: DISPUTE OVER INTERROGATORY AND REQUEST FOR PRODUCTION 3

### A. Discovery at Issue

Interrogatory 3 asks Apple to identify and describe the work of each Apple employee or third party in Texas or WDTX who work in Apple Care, call center(s), or customer service regarding any Accused Instrumentality, including but not limited to individuals identified in Ex. C. Request for Production 3 seeks documents regarding the same. The third 30(b)(6) deposition topic seeks testimony regarding the same.

### B. Plaintiff's Position

Apple did not answer this interrogatory, and instead improperly "reserv[ed] its right to supplement … at the appropriate time." For example, Apple did not describe the work performed by Apple employees that Plaintiff specifically identified by name in Exhibit C to Plaintiff's discovery requests. Such information is relevant at least to damages, including the value of and demand for Plaintiff's patented technologies. Apple's training of individuals to be equipped to handle inquiries concerning the Accused Instrumentalities, and communications from consumers regarding such Accused Instrumentalities, demonstrate the value of Plaintiff's patented technologies. Apple objected to providing a witness to testify responsive to Topic 3 and produced no documents.

Relief Sought:  Order that "Within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 3 by identifying and describing the work of each Apple employee or third party in Texas or WDTX who work in Apple Care, call center(s), or customer service regarding any Accused Instrumentality, including but not limited to individuals identified

in Ex. C attached to Plaintiff's discovery requests; and (ii) Apple must produce documents responsive to RFP 3.  Apple's objection to Topic 3 is overruled."

### C.        Defendant's Position

Under Mullen's interpretation of "Accused Instrumentality," it would be impossible to fully respond to these requests, as they purport to seek information regarding any individual in Texas (whether or not an Apple employee) who "work(s) in Apple Care, call center(s), or customer service regarding any Accused Instrumentality," which purports to include all Apple end-user devices. This request is thus untethered from Mullen's infringement allegations and Apple's objections are proper.

Nonetheless, in order to compromise, Apple is willing to supplement its responses with regard to the 3 individuals in Exhibit C, within five business days. After receiving these supplemental responses, Mullen may identify which of these individuals it wishes to depose on Topic #3, to the extent they are Apple employees.

Relief Sought: Order that "Within five business days of this Order, Apple will identify and describe the work of each Apple employee identified in Exhibit C, and produce responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation. After receiving Apple's supplemental discovery response, Mullen may which of these individuals it seeks to depose on Topic #3, to the extent they are Apple employees. Apple's objections to interrogatory #3, RFP #3, and Topic #3 are sustained."

### D.        The Court's Ruling

Plaintiff articulated that it intends to base its damages theory on the amount of support that Apple dedicates to the Accused Features and based on the fraction of users who request support for the Accused Features. Because damages require apportionment, this theory is reasonable at an early stage of this case.

**IT IS HEREBY ORDERED** that within 5 business days of the date of this Order: (i) Apple is compelled to respond to ROG 3 by identifying and describing the work of each Apple employees or third parties in Texas or WDTX who work in Apple Care, call center(s), or customer service regarding any Accused Instrumentality, including but not limited to individuals identified in Ex. C attached to Plaintiff's discovery requests; and (ii) Apple must produce documents responsive to RFP 3.  To alleviate Apple's burden of responding for "each" employee, Apple may respond in a representative manner by 1) identifying, describing, and producing the any training, instruction manuals, or documents that relate to the Accused Instrumentalities and are used by or used to train those who work in Apple Care, call centers, or customer service, 2) identifying the number of responsive employees or third parties in Texas who use or are trained with the materials in part 1), and 3) identifying, describing, and producing any reports about or employees knowledgeable of the fraction of work in Apple Care, call center(s), or customer service regarding any Accused Instrumentality. It is further **ORDERED** that Apple must respond specifically for everyone in Exhibit C within 2 business days of this Order.

## V. FIFTH ISSUE: DISPUTE OVER INTERROGATORY AND REQUEST FOR PRODUCTION 4

### A.    Discovery at Issue

Interrogatory 4 asks Apple to identify and describe the work of each Apple employee or third party in Texas or WDTX who perform server-side coding of iCloud, Find My, Find My Friends, and/or Maps.  Request for Production 4 seeks documents regarding the same.

### B.    Plaintiff's Position

Apple did not identify any individuals, instead improperly "reserv[ing] its right to supplement … at the appropriate time."  Such information is relevant at least to infringement,

including because certain patent claims are directed to servers or end-user devices capable of communicating with servers.  Apple produced no documents.

Relief Sought:  Order that "Within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 4 by identifying and describing the work of each Apple employee or third party in Texas or WDTX on server-side coding of iCloud, Find My, Find My Friends, and/or Maps; and (ii) Apple must produce documents responsive to RFP 4."

### C.      Defendant's Position

As Apple explained in its objections and responses to these requests, the Apple employees who perform the server-side coding of the accused functionalities are not located in Texas.

In an effort to compromise, Apple has investigated and is in the process of supplementing its responses by identifying the name and location of the individuals responsible for this coding. Apple will provide this supplement within five business days.

Relief Sought: Order that "Within five business days of this Order, if found after a reasonable investigation, Apple will identify and describe the work of its employees in the WDTX who have responsibility for server-side programming of the Find My functionality, and produce responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation. Apple's objections to interrogatory #4 and RFP #4 are sustained."

### D.      The Court's Ruling

**IT IS HEREBY ORDERED** that within two business days of this Order, if found after a reasonable investigation, Apple will identify and describe the work of its employees in the WDTX who have responsibility for server-side programming of the iCloud, Find My, Find My Friends, and/or Maps, and produce responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation.

If Apple maintains its argument that "the Apple employees who perform the server-side coding of the accused functionalities are not located in Texas," then Apple must provide, within 2 business days, a sworn written response that "the Apple employees who perform the server-side coding of the accused functionalities are not located in Texas" as argued by Apple.  Apple must provide a 30(b)(6) witness on this topic if noticed by Plaintiff for a very short deposition. If Apple failed to fully investigate the basis of its statement or uses crafty phrases to avoid providing a meaningful response, then Plaintiff may move for an adverse inference.

## VI. SIXTH ISSUE: DISPUTE OVER INTERROGATORY AND REQUEST FOR PRODUCTION 5

### A.    Discovery at Issue

Interrogatory 5 asks Apple to identify and describe all third parties in Texas or WDTX, including suppliers, who perform services or provide components for Accused Instrumentalities, including Mac Pro computers, Secure Enclave Processors, GPS chips, WiFi chips, accelerometers, gyroscopes, etc.  Request for Production 5 seeks documents regarding the same. The fifth 30(b)(6) deposition topic seeks testimony regarding the same.

### B.    Plaintiff's Position

Apple did not identify any third parties, instead improperly "reserv[ing] its right to supplement … at the appropriate time" and claiming that "Apple is investigating." Such information is relevant to infringement and damages.  For example, certain asserted claims are directed to the "positioning systems" (e.g., GPS receivers) in the accused products, which Plaintiff believes are supplied to Apple by a third party.  Apple objected to providing a witness to testify responsive to Topic 5 and produced no documents.

Relief Sought: "Within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 5 by identifying and describing all third parties in Texas or WDTX,

including suppliers, who perform services or provide components for Accused Instrumentalities, including Mac Pro computers, Secure Enclave Processors, GPS chips (e.g., receivers), WiFi chips, accelerometers, gyroscopes, etc.; and (ii) Apple must produce documents responsive to RFP 5.  Apple's objection to Topic 5 is overruled."

### C.     Defendant's Position

Mullen seeks information that is unbounded by the accused functionalities and thus these requests are vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Further, in this dispute chart Mullen seeks to add "WiFi chips" which were not identified in its discovery requests.

Nonetheless, in order to compromise, Apple is willing to identify the suppliers of GPS chips for iPhone, iPad, iPod Touch, and Watch. Additionally, Apple will identify the suppliers of gyroscopes, magnetometers, and accelerometers for Watch. Apple will serve this supplement within five days.

Relief Sought: Order that "Within five business days of this Order, Apple will supplement its interrogatory response to identify the suppliers of GPS chips for iPhone, iPad, iPod Touch, and Watch. Additionally, Apple will identify the suppliers of gyroscopes, magnetometers, and accelerometers for Watch, and produce responsive, non-privileged documents to the extent they exist and are found after a reasonable investigation. Apple's objections to interrogatory #5, RFP #5, and Topic #5 are sustained."

### D.     The Court's Ruling

The Court is of the opinion that Apple should have already provided a substantive response to this discovery request, at least for the Secure Enclave Processors, GPS chips, accelerometers, and gyroscopes that are specifically identified.

**IT IS HEREBY ORDERED** that within 2 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 5 by identifying and describing all third parties in Texas or WDTX, including suppliers, who perform services or provide components for Accused Instrumentalities, including Mac Pro computers, Secure Enclave Processors, GPS chips (e.g., receivers), WiFi chips, accelerometers, gyroscopes, etc.; and (ii) Apple must produce documents responsive to RFP 5. Apple's objection to Topic 5 is overruled.

**IT IS FURTHER ORDERED** that within 5 business days of the date of this Order: (i) Apple is compelled to fully respond to ROG 5 by identifying and describing all third parties in Texas or WDTX, including suppliers, who perform services or provide components for the WiFi chips and (ii) Apple must produce documents responsive to RFP 5 for the WiFi chips.

## VII. SEVENTH ISSUE: DISPUTE OVER REQUEST FOR PRODUCTION 6

### A.    Discovery at Issue

Request for Production 6 seeks documents sufficient to show the identity and location of any data servers and/or data centers within Texas or [WDTX] that store documents related to any Accused Instrumentality.

### B.    Plaintiff's Position

Apple produced no documents, instead improperly "reserv[ing] its right to supplement its response to this Request at the appropriate time." This information is relevant to convenience of WDTX, including location of and access to relevant evidence.

Relief Sought: "Within 2 business days of the date of this Order, Apple must produce documents responsive to RFP 6."

**C.      Defendant's Position**

As Apple explained, after performing a diligent search, Apple can confirm that it has not found any responsive, non-privileged documents because there are no servers responsive to the request in Texas.

Relief Sought: "Apple's objections to RFP #6 are sustained."

**D.      The Court's Ruling**

**IT IS HEREBY ORDERED** that Apple must provide, within 2 business days, a sworn written response that "there are no servers responsive to the request in Texas" as argued by Apple. Apple must provide a 30(b)(6) witness on this topic if noticed by Plaintiff for a very short deposition. If Apple failed to fully investigate the basis of its statement or uses crafty phrases to avoid providing a meaningful response, then Plaintiff may move for an adverse inference.

**VIII. EIGHTH ISSUE: DISPUTE OVER REQUEST FOR PRODUCTION 10**

**A.      Discovery at Issue**

Request for Production 10 seeks documents sufficient to show how Apple's servers utilize Apache Cassandra, for example, for storage and/or processing of user information (e.g., profiles, logins, passwords, tokens), location information, access rights, or events or notifications regarding locations.

**B.      Plaintiff's Position**

Apple produced no documents, instead improperly "reserv[ing] its right to supplement its response to this Request at the appropriate time." This information is relevant to convenience of WDTX, including location of and access to relevant evidence.

Relief Sought: "Within 2 business days of the date of this Order, Apple must produce documents responsive to RFP 6."

### C.      Defendant's Position

As previously explained, Mullen seeks information that is unbounded by the accused functionalities and thus these requests are vague, overly broad, unduly burdensome, and not proportional to the needs of the case. For example, third-party Apache Cassandra software is not accused of infringement in this case.

Nonetheless, in order to compromise, Apple is willing to supplement its response and produce responsive documents regarding to the individual in Exhibit D to the extent they exist, within five business days.

Relief: Order that "Within five business days of this Order, if found after a reasonable investigation, Apple will produce responsive, non-privileged documents regarding the location and work responsibilities of the individual in Exhibit D to the extent they exist and are found after a reasonable investigation. Apple's objections to RFP #10 are sustained."

### D.      The Court's Ruling

**IT IS HEREBY ORDERED** that within 2 business days of the date of this Order, Apple must produce documents responsive to RFP 10, but only for the exemplary subcategories of functions specifically identified in RFP 10. Apple is further **ORDERED** to supplement its response and produce responsive documents regarding to the individual in Exhibit D to the extent they exist, within 2 business days.

### IX. CONCLUSION

For the foregoing reasons the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the requested discovery relief.

At this early stage of the case, the Court generally defers to the plaintiff on how it intends to use relevant evidence to prove up its case.  For the Court to allow venue discovery, a plaintiff

need only articulate a reasonable basis for why a witness or evidence might be relevant to this case and appear at trial.

Burden objections in venue discovery carry little weight when a party knowingly causes and incurs the burden of venue discovery. This Court's Order Governing Proceedings protects defendants from frivolous plaintiffs who seek settlements based not on merit but based on the burden of discovery. Hence, the Court's default schedule defers fact discovery until after the *Markman* hearing so that parties can cost-effectively reach the first merit milestone in a case. A defendant who files a transfer motion for convenience opens itself up to the burden of early venue discovery and discards the opportunity to cost-effectively reach the *Markman* hearing. *Greenthread, LLC v. Intel Corp.*, No. 6:22-CV-00105-ADA, 2022 WL 4004781, at *5 (W.D. Tex. Sept. 1, 2022). The defendant imposes a discovery burden and burden of opposition on the plaintiff. The defendant burdens the Court with venue discovery disputes and with the burden of opining on the motion to transfer. A defendant's argument that venue discovery is disproportionately burdensome carries little weight when the discovery burden originated from the defendant's motion, and when the defendant's motion imposes far greater burdens on opposing counsel and on this Court, all for the marginally better convenience of the defendant at trial. A party that conducts lots of business in Texas can expect to provide a lot of venue discovery whenever it files a transfer motion.

The OGP has a short venue discovery period. Parties are expected to promptly respond to discovery requests and promptly raise discovery disputes.

The Court is of the opinion that, at oral argument, Plaintiff generally articulated a narrower and more reasonable scope of what it seeks in comparison to the language of the discovery requests. If Plaintiff believes that it does not receive the discovery ordered herein and as articulated

by Plaintiff during oral argument and after further meeting and conferring with Defendant, then

Plaintiff may move for adverse inferences based on the deficiencies.


      SIGNED this 30th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE